[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10136
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20568-FAM-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL MARCELO QUIROZ MASTARRENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 16, 2019)

Before ED CARNES, Chief Judge, and MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Angel Marcelo Quiroz Mastarreno appeals his 120-month sentence after pleading guilty to conspiring to possess more than five kilograms of cocaine while he was on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b), which is part of the Maritime Drug Law Enforcement Act.  His sole contention is that the bar against 18 U.S.C. § 3553(f) safety valve relief from a mandatory minimum sentence for him and others who violate that Act violates the equal protection clause of the Fifth Amendment. See United States v. Castillo, 899 F.3d 1208, 1212 (11th Cir. 2018) (holding that safety valve relief is not available for Maritime Drug Law Enforcement Act violations because that statute is not listed in the safety valve provision), petition for cert. filed, (U.S. Sep. 21, 2018) (No. 18-374)

Mastarreno's contention is foreclosed by our Castillo decision, which held that the bar against safety valve relief for violations of the Maritime Drug Law Enforcement Act does not violate the Equal Protection Clause. Id. at 1213 ("Congress is entitled to deny the safety valve to offenders convicted under the Act," and has legitimate, rational reasons to treat them differently from those who violate drug laws domestically). We follow the Castillo decision, as we are bound to do under the prior panel precedent rule.

**AFFIRMED.**

2